**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSUE PINEDA MATOZO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-635-D |
| | ) | |
| FRED FIGUEROA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner's Renewed Emergency Motion for Immediate Release and Second Renewed Emergency Motion for Immediate Release. [Doc. Nos. 12, 13]. Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1], in which he asserted that his detention was violative of the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq.* (INA). In a prior Order [Doc. No. 9], the Court granted in part Petitioner's habeas petition, found that 8 U.S.C. § 1226(a) controls Petitioner's detention, and ordered Respondents to provide Petitioner with a prompt bond hearing under § 1226(a), or release Petitioner. Pursuant to the Court's Order, Petitioner received a bond hearing. [Doc. No. 12, at p. 1].

In the present motions, Petitioner requests the Court order Respondents to provide him with another bond hearing that complies with the Court's Order or release him. Specifically, he argues that the bond hearing did not comply with the Court's Order because the immigration judge denied his request to be released on bond on the basis that Petitioner was a "flight risk." [Doc. Nos. 12, 13].

Although this Court has jurisdiction to ensure compliance with its own orders, it does not have jurisdiction to review a discretionary bond determination by an immigration judge. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the … revocation or denial of bond or parole.").[1] In this case, Petitioner has not shown that the bond hearing failed to comply with this Court's Order to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226. Although Petitioner disagrees with the immigration judge's flight risk determination, Petitioner's motions do not provide the Court with any legal authority for the Court to review the immigration judge's discretionary bond decision made under § 1226.

For these reasons, Petitioner's Renewed Emergency Motion for Immediate Release and Second Renewed Emergency Motion for Immediate Release [Doc. Nos. 12, 13] are **DENIED**.

**IT IS SO ORDERED** this 23rd day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] This statute refers to the Attorney General; however, Congress has empowered the Secretary of the Department of Homeland Security to enforce the INA. *See Nielsen v. Preap*, 586 U.S. 392, 397 n.2 (2019).